IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA MILLER THOMAS, #2120052 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv052 |
| SAMUEL ARCIPRESTE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Joshua Miller Thomas, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed his original complaint on February 9, 2022. On February 14, 2022, the Court issued a Deficiency Order (Dkt. #4). Plaintiff was given thirty days from the receipt of the order to submit either the $402.00 filing fee or a completed application to proceed *in forma pauperis* and a properly certified *in forma pauperis* data sheet. Plaintiff was warned that the lawsuit may be dismissed if he did not comply with the order.

On April 20, 2022, Plaintiff filed a motion for extension of time and notice of change of address. (Dkt. #6). He provided a change of address to the Ellis Unit and requested an extension of time of 30 days to comply with the Court's order. On April 27, 2022, the Court granted Plaintiff's motion and instructed to him either pay the filing fee or submit an application to proceed

*in forma pauperis* and the requisite *in forma pauperis* data sheet on or before May 27, 2022. (Dkt. #7). The Order was mailed to Plaintiff at the Ellis Unit.

More than 30 days has passed, and Plaintiff has not been in contact with the Court. He has not complied with the order of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not complied with the Court's order; thus, the lawsuit should be dismissed.

<u>Recommendation</u>

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of June, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3